## (March 18, 1963)

■ JOHN BOYLE, Respondent, v. KREBS AND SCHULZ MOTORS, INC., Appellant.— In an action to recover damages for personal injury sustained when an engine which plaintiff was using in a well-digging and testing operation exploded, defendant appeals from an order of the Supreme Court, Nassau County, dated November 15, 1962, which granted plaintiff's motion to restore the action to the Ready Day Trial Calendar of a stated date "on condition that plaintiff pay costs in the sum of $250 and that he asks for no further adjournment". Order modified by amending its first decretal paragraph to provide that plaintiff's attorney (rather than the plaintiff) pay the $250 therein mentioned. As so modified, order affirmed, without costs. The accident happened on February 26, 1952. The summons was served on April 15, 1953. The complaint was served April 23, 1956; issue was joined in May, 1956; and the action was noticed for trial for the September 1956 Term. In 1958 a preference in trial was granted, and the case appeared on the Ready Calendar of January 19, 1959. Thereafter, the case was on the calendar on 29 different occasions; and on

each such occasion it was adjourned at the request of either the plaintiff or the defendant. On September 5, 1961 the case was marked "off" the calendar on the ground of plaintiff's failure to appear. No written application to open the default, to vacate the dismissal, and to restore the case was made "within one year thereafter", pursuant to subdivisions (e) and (f) of rule 2 of the Nassau County Supreme Court Rules and subdivision 2 of rule 302 of the Rules of Civil Practice. Nevertheless, as a result of clerical error, the case again appeared on the calendar on March 5 and March 13, 1962, and was adjourned on each of such dates. When the case appeared on the Day Calendar on October 15, 1962, defendant moved to dismiss on the ground that the case had not been properly restored to the calendar. Thereupon, the matter was adjourned and the instant application to restore followed. The application was granted conditionally, as above indicated. A case marked "off" the calendar which is not restored within one year thereafter is deemed abandoned and automatically dismissed (Nassau County Supreme Court Rules, rule 2, subd. [e]; Rules Civ. Prac., rule 302, subd. 2; *Von Diezelski* v. *Food Fair Stores,* 18 A D 2d 724, and cases there cited), unless it appears conclusively that neither party intended to abandon the action (*Marco* v. *Sachs,* 10 N Y 2d 542). A dismissal may be vacated and the case restored upon a showing of facts sufficient to excuse the delay, and upon a showing of merits (*Colombik* v. *Heinrich,* 11 A D 2d 1026; *Klein* v. *Vernon Lbr. Corp.,* 269 App. Div. 71). In our opinion, the negligent conduct of plaintiff's attorney, in part acquiesced in by the defendant; the plaintiff's serious and permanent injuries; the absence of any claim of prejudice on the part of the defendant; and the fact that it appears conclusively that plaintiff intended to proceed with the action and not to abandon it, constitute grounds sufficient to warrant a restoration order. However, since the failure to move to open the default, to vacate the dismissal, and to restore the case to the calendar within one year was due primarily to the neglect of plaintiff's attorney, the $250 costs should be paid by him personally rather than by the plaintiff. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.