■ JOSEPHINE DOLSON, as Administratrix of the Estate of EDWARD J. DOLSON, Deceased, Respondent, v AVIS-RENT-A-CAR SYSTEM, INC., Appellant.—Order, Supreme Court, New York County, entered November 15, 1976, restoring this action to the Trial Calendar, unanimously affirmed, without costs and without disbursements, and the plaintiff directed to file a statement of readiness, pursuant to rule 660.4 (subd [d], par [5]) of the Supreme Court, Bronx and New York Counties (22 NYCRR 660.4 [d] [5]), within 10 days after the service upon plaintiff by defendant of a copy of the order

entered herein with notice of entry. The defendant-appellant is correct in its assertion that plaintiff's counsel has not prosecuted this action with diligence and that the rules of the court require a motion to restore a case to the calendar to be made within one year of its being stricken. Such a rule, based as it is upon "a presumption [of abandonment] rather than a fixed and immutable policy of dismissal" must give way to such evidence as was presented here that there was no intention to abandon *(Marco v Sachs,* 10 NY2d 542, 550; *Boyle v Krebs & Schulz Motors,* 18 AD2d 1010), and, where the neglect is that of the plaintiff's attorney, restoration to the calendar is not an abuse of discretion where, as here, there are serious injuries, an affidavit of merits and no claim of prejudice to the defendant *(Boyle v Krebs & Schulz Motors, supra).* Concur—Murphy, P. J., Capozzoli, Lane and Lynch, JJ.