■ JAMES ZITO et al., Respondents, v ANN MORAWSKI et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County, dated June 18, 1980, which (1) granted plaintiffs' motion to vacate their default in failing to restore the action to the calendar within one year of its having been marked off the calendar, (2) restored the action to the calendar, and (3) directed that plaintiffs' attorney personally pay the sum of $200 costs to defendants. Order reversed, on the law, without costs or disbursements, and plaintiffs' motion denied. This action, arising out of an accident that occurred in 1969, was commenced in 1972 or 1973. Discovery was completed in January, 1974. A note of issue and statement of readiness were filed in December, 1976. Upon plaintiffs' attorney's failure to appear on the trial date of this action, the action was marked off the Trial Calendar in January, 1979. When plaintiffs failed to restore the action within one year, it was dismissed for neglect to prosecute pursuant to CPLR 3404. It appears that no settlement discussions were had and no action was taken by either party with respect to this action during this one-year period. Approximately two months after plaintiffs' attorney became aware that the action had been dismissed, he moved to restore this action to the calendar. Plaintiffs asserted as the reason for their default their attorney's failure to have assigned the case to a calendar watching service, apparently with the result that they were unaware both that the action had been set for trial, and that it had been later marked off the calendar because of their attorney's failure to appear on the trial date. The motion was not accompanied by affidavits "containing evidentiary facts and attested to by individuals with personal knowledge of those facts" which are "sufficient to establish prima facie that the plaintiff[s] ha[ve] a good cause of action" (see *Barasch v Micucci*, 49 NY2d 594, 599; see, also, *Glatzer v Porsche Audi*, 54 AD2d 575). A dismissal pursuant to CPLR 3404 may be vacated and an action restored to the Trial Calendar only upon a showing of excusable default and a meritorious cause of action (see *Boyle v Krebs & Schulz Motors*, 18 AD2d 1010). Plaintiffs have not made the requisite showing. Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.

■ In the Matter of the DEPARTMENT OF SOCIAL SERVICES, Appellant, v JOSEPH K. E., Respondent.—Order of the Family Court, Nassau County, entered April 7, 1980, affirmed, without costs or disbursements (see *Matter of Linda S. v James G.*, 52 AD2d 607). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur..