◼ INCORPORATED VILLAGE OF THOMASTON, Respondent, v MARTIN B. BIENER et al., Appellants. — In an action to permanently enjoin the defendants from using certain real property in violation of the zoning ordinance of the Incorporated Village of Thomaston, defendants appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 12, 1981, which (1) granted plaintiff's motion to vacate the dismissal of this action pursuant to CPLR 3404 on October 4, 1978, and (2) restored the action to the Trial Calendar. Order reversed, on the law, with $50 costs and disbursements, and motion denied. No findings of fact have been presented for review. In its decision and order Special Term did not expressly furnish a reason for granting plaintiff's motion, except by reference to a certain stipulation, as follows: "In his affidavit in opposition defendant's *[sic]* attorney places upon the stipulation of October 3, 1977 a restriction which is not contained in said stipulation." The decision does not indicate that plaintiff has demonstrated a reasonable excuse for its delay in prosecuting the within action and that, in addition, the plaintiff has demonstrated that this action is meritorious (see *Barasch v Micucci,* 49 NY2d 594; *Zito v Morawski,* 79 AD2d 707, app dsmd 53 NY2d 796). The only basis cited for plaintiff's delay was its inability to locate a certain document essential to the trial of this action. This document was not submitted to Special Term. Further, the complaint was not verified and the attorney's affirmation of merit submitted to Special Term on this motion simply repeated the allegations contained in the complaint without annexing thereto a copy of the document which was the basis of its claim, or setting forth *in haec verba* that portion of the document which would serve to support plaintiff's claim. In fact there is no affidavit setting forth the steps taken and diligent efforts made by plaintiff to locate the document in question. The plaintiff simply stated by conclusory allegation that the delay was attributable to this temporary inability to locate records peculiarly within its control. We determine, therefore, that the plaintiff has failed to present any credible justification for the protracted delay in locating the document in question and has failed to show that such document demonstrated a meritorious claim against defendants. Plaintiff further contends that a stipulation dated October 3, 1977 excuses any delay on its part and that by its provisions the stipulation allows for the vacatur of the dismissal of the action and its restoration to the calendar. The stipulation provides as follows: "IT IS HEREBY STIPULATED, CONSENTED AND AGREED by and

among the parties hereto by their respective undersigned attorneys, that the within matter be marked 'off' the Trial Calendar of the within Court, and it is further STIPULATED, CONSENTED AND AGREED that any party may restore this matter to the Trial Calendar by the filing of an executed copy of this stipulation with the Calendar Clerk and by notifying the attorneys for the other parties of such filing, and it further STIPULATED, CONSENTED AND AGREED that the parties hereby reserve their respective rights to complete examinations before ·trial and other pre-trial proceedings, and it is further STIPULATED, · CONSENTED AND AGREED that any party may, without notice, file a copy of this stipulation with the Clerk of the Court." While the express language of the stipulation allows the striking of and restoring to the Trial Calendar of this action, without any time limitation, it does not expressly allow or consent to the vacating of an order of dismissal, nor is there any intention expressed in the said stipulation by which one could infer such consent to vacate. CPLR 3404 provides, *inter alia,* that an action marked "off" the calendar and not restored within one year is deemed abandoned. Insofar as that provision is rebuttable, plaintiff has not demonstrated any factual circumstances which would rebut such presumption of abandonment. There apparently was no activity in this action between October 4, 1977, the date of the striking of the case from the calendar, and May 19, 1981, the date of the motion to vacate the dismissal and restore the action to the Trial Calendar (cf. *Marco v Sachs,* 10 NY2d 542, interpreting section 302 of the Rules of Civil Practice, the precursor of CPLR 3404). We determine, therefore, that the stipulation, while it may be a factor relating to the issue as to whether the presumption contained in CPLR 3404 is rebutted, in no way affects the applicability of CPLR 3404 to this case so as to deprive the court of its right to control its own calendars (see *Williams v Giattini,* 49 AD2d 337, 339). Accordingly, the motion to vacate the dismissal and restore the case to the Trial Calendar was improvidently granted. Titone, J. P., Lazer and Bracken, JJ., concur; Rabin and Cohalan, JJ., dissent and vote to affirm the order.