■ PATRICK McINERNEY et al., Plaintiffs, v BENTLEY INDUSTRIES, INC., et al., Defendants. BENTLEY INDUSTRIES, INC., Third-Party Plaintiff-Respondent; CITY OF NEW YORK, Third-Party Defendant, and MAC WHYTE COMPANY, Third-Party Defendant-Appellant. — In an action to recover damages for personal injuries, etc., the third-party defendant Mac Whyte Company appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated April 10, 1981, which granted the renewed motion by the third-party plaintiff to vacate the clerk's dismissal of the third-party action, pursuant to CPLR 3404, and to restore such action to the Trial Calendar. Order reversed, on the law, without costs or disbursements, and renewed motion to vacate the dismissal and restore the third-party action to the Trial Calendar is denied. Pursuant to a stipulation entered in open court by the third-party plaintiff on January 27, 1977, the third-party action was severed and marked off the calendar upon condition that the third-party plaintiff restore the action by filing a note of issue upon 10 days' notice. There was no further activity until the filing by counsel for the third-party plaintiff of a note of issue on or about December 4, 1980. Prior to the filing of the note of issue, it had been the opinion of counsel for the third-party plaintiff that the matter could be restored at any time upon 10 days' notice. The order appealed from concludes that the third-party plaintiff demonstrated "that whatever delay occurred * * * happened through an inadvertent mistaken reliance [by the third-party plaintiff] on the agreement between the parties". This amounts to a "law office failure" and is insufficient as a matter of law to excuse the failure by the third-party plaintiff to restore the third-party action to the Trial Calendar within a one-year period from the time the action was severed and marked off the calendar. Accordingly, it was an improvident exercise of discretion for the trial court, after a period of approximately three years, to vacate the automatic dismissal which had been entered pursuant to CPLR 3404. During a period of some 46 months no action of any kind was taken by the third-party plaintiff with respect to this action (see *Incorporated Vil. of Thomaston v Biener,* 84 AD2d 781; *Boyle v Krebs & Schulz Motors,* 18 AD2d 1010), and it failed to make the requisite showing of facts sufficient to excuse the delay in prosecution (see *Zito v Morawski,* 79 AD2d 707, app dsmd 53 NY2d 796). Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.