■ Chyx-Cho Realty, Ltd., et al., Respondents, v New York Property Insurance Underwriting Association, Appellant, et al., Defendant. (And a Third-Party Action.) (Action No. 1.) Chyx-Cho Realty, Ltd., et al., Respondents, v Birmingham Fire Insurance Company of Pennsylvania, Appellant,

et al., Defendant. (Action No. 2.) — In actions to recover under policies of fire insurance, the appeal is from an order of the Supreme Court, Kings County (Vacarro, J.), dated July 7, 1982 which, upon plaintiffs' motion to restore the actions to the Trial Calendar, vacated the automatic dismissal of their complaints pursuant to CPLR 3404 and restored the actions to the Trial Calendar upon condition that plaintiffs' attorney personally pay $100 to each of the other parties. Order reversed, on the law, without costs or disbursements, and motion denied. The plaintiffs commenced two actions to recover under separate policies of fire insurance for a fire loss to real property located in Brooklyn which occurred on March 31, 1974. One policy was issued by the appellant New York Property Insurance Underwriting Association (New York Property), and the other by the appellant Birmingham Fire Insurance Company of Pennsylvania (Birmingham). Following completion of all pretrial discovery proceedings, plaintiffs filed a note of issue. Thereafter Birmingham moved pursuant to CPLR 3211 and 3212 to dismiss the action brought against it by the plaintiffs, as well as a third-party action brought against it by New York Property. The motion was denied by order of Justice Rader entered May 23, 1979, and on June 18, 1979 Birmingham filed a notice of appeal therefrom. On November 14, 1979, plaintiffs applied for a preference, requesting that the actions be placed on the Day Calendar for December 11, 1979. By motion returnable November 30, 1979, plaintiffs moved for summary judgment, and both New York Property and Birmingham separately cross-moved for the same relief. On or about January 7, 1980, plaintiffs moved in this court for an order dismissing Birmingham's appeal, from the order of Justice Rader, entered May 23, 1979 upon the ground that Birmingham did not intend to prosecute its appeal therefrom. On January 28, 1980, due to the pendency of Birmingham's appeal, the actions were marked off the calendar on the application of Birmingham and on consent of all the parties. On January 29, 1980, this court denied plaintiffs' motion to dismiss Birmingham's appeal and directed that it be heard during the June, 1980 term. On February 28, 1980, plaintiffs' motion for summary judgment and the appellants' cross motions were denied by Justice Yoswein. On or about March 28, 1980, plaintiffs appealed from stated portions of the order of Justice Yoswein, dated February 28, 1980. Thereafter, plaintiffs moved for leave to renew their motion for summary judgment and the appellants separately cross-moved for the same relief. Birmingham failed to timely perfect its appeal from the order of Justice Rader in accordance with the order of this court dated January 29, 1980. By motion returnable May 23, 1980, Birmingham moved in this court for an order vacating its default in perfecting that appeal and extending its time to perfect the same. On June 5, 1980, this court granted Birmingham's motion and enlarged the time to perfect until the October, 1980 term. By order dated June 17, 1980, Justice Yoswein denied the motion of the plaintiffs and the cross motions of the appellants for leave to renew their respective motion and cross motions for summary judgment. On or about June 30, 1980 plaintiffs appealed to this court from the foregoing order, and on or about July 22, 1980 and July 23, 1980 New York Property and Birmingham, respectively, cross-appealed. Birmingham's appeal from the order of Justice Rader never was perfected and by order of this court, dated November 5, 1980, its appeal was dismissed. Subsequently on January 28, 1981, the plaintiffs' actions were marked abandoned and dismissed pursuant to CPLR 3404. No further action was taken in the case until January 19, 1982, at which time plaintiffs moved, in this court, for an order enlarging their time to perfect their appeals from the orders of Justice Yoswein. By order dated April 5, 1982, this court denied the motion and dismissed the appeals and cross appeals. On or about May 7, 1982, plaintiffs moved in the Supreme Court,

Kings County, for an order restoring the actions to the calendar. They asserted that they never intended to abandon the actions and that they had not previously moved to restore them to the calendar and for a preference because it made no sense to do so while Birmingham's appeal from the order of Justice Rader and the appeals and cross appeals from the orders of Justice Yoswein were pending. By the order now under review Special Term granted the motion, on the condition that plaintiffs' attorney personally pay $100 to each of the other parties, reasoning that in light of their prior appeals to this court plaintiffs had never intended to abandon the actions. It was an improvident exercise of Special Term's discretion to grant the plaintiffs' motion. While the initial reason that these actions were marked off the calendar was the pendency of Birmingham's appeal from the order of Justice Rader, by the time the actions were dismissed as abandoned pursuant to CPLR 3404, that appeal had been dismissed because of Birmingham's failure to perfect for the October, 1980 term of this court. Thus, at the time these cases were automatically dismissed, the only "activity" was plaintiffs' pending appeals and the cross appeals from the orders of Justice Yoswein. However, those appeals and cross appeals were dismissed by this court on April 5, 1982. In their brief plaintiffs admit that they were at fault in failing to timely perfect their prior appeals. They go so far as to say that this was "in effect malpractice". Nevertheless, they argue that regardless of their neglect of the prior appeals they still never intended to abandon the actions themselves and that therefore Special Term acted properly in granting the motion to restore. We disagree. The failure to perfect the appeals amounts to "law office failure" and is insufficient as a matter of law to excuse plaintiffs' failure to restore their actions to the Trial Calendar within one year from the time the action was marked off (see *McInerney v Bentley Inds.*, 87 AD2d 644; *Incorporated Vil. of Thomaston v Biener,* 84 AD2d 781). Accordingly, since the plaintiffs have failed to make the requisite showing of facts sufficient to excuse the delay in prosecution, their motion should have been denied (see *McInerney v Bentley Inds., supra; Zito v Morawski*, 79 AD2d 707, app dsmd 53 NY2d 796). Titone, J. P., Brown, Rubin and Boyers, JJ., concur.