■ EDWARD KOLBASIUK, Respondent, v PRINTERS BINDARY, INC., et al., Appellants. — Order, Supreme Court, New York County (Gomez, J.), entered October 13, 1981, granting plaintiff's renewed motion to restore this action to the Trial Calendar in its regular order, unanimously modified, on the law and the facts and in the exercise of discretion, to direct the filing of a new statement of readiness within 30 days from the date of this court's order, with leave for plaintiff to serve an amended bill of particulars as to damages, if so advised, and with leave to defendants to obtain further disclosure, if so advised, and otherwise affirmed, without costs. Plaintiff filed the complaint, statement of readiness and note of issue in this personal injury action in November, 1978. After being noticed for trial, the case appeared on the Trial Calendar nine times between June, 1979 and May, 1980, and was ultimately marked off the calendar on the ninth occasion. Defendants' assertion to the contrary notwithstanding, there is no indication that the markoff constituted a dismissal of the action, nor is there any indication as to which party was responsible for the inability to proceed with trial on the calls of the calendar. Faced with the requirement for moving to restore an action to the calendar within one year of being marked off, plaintiff made such a motion in April, 1981, citing as excuse for the delay the fact that he was still undergoing treatment for injuries which would necessitate serving an amended or supplemental bill of particulars. Plaintiff asserted that it would be prejudicial to proceed to trial under such circumstances, in view of the potential for surgery, without obtaining a complete diagnosis of his changed condition over the period of the year and one half since the action had been commenced. Defendants opposed this motion because plaintiff's references to continued treatment were unsubstantiated by medical documentation. The motion was denied without prejudice to renewal "upon a proper showing of plaintiff's excusable delay." Plaintiff thereupon renewed his motion in August, 1981, explaining that the reason for the delay had been the failure of his treating physician to forward all necessary medical records, despite plaintiff's request for such documentation since May, 1980. The doctor's report, consisting of his record of plaintiff's visits and treatment from February, 1976 through November, 1980, was finally received sometime in "mid-April, 1981", at about the time that

plaintiff was noticing his initial motion to restore the action to the calendar. These reports confirmed that plaintiff had undergone electromyography which had revealed positive signs of injury in the nature of bilateral carpal tunnel syndrome (requiring a carpal tunnel "release", a surgical operation), and the possibility of a double crush syndrome (compression at the neck and at the left wrist). In his last report of examination, dated November 28, 1980, the doctor opined that plaintiff, still suffering under painful disability, should undergo a myelogram for the purpose of searching for a possible spinal blockage. Although not supported by documentation, plaintiff's affidavit in support of the renewed motion to restore the case to the calendar indicated that on his last visit in May, 1981 his doctor had reiterated the need for a myelogram, and also a brain scan. Such tests had not yet been performed at the time the renewed motion was made. Plaintiff's continuing medical problems, and his documentation of unsuccessful efforts to obtain the medical reports of his status until April, 1981, constituted sufficient excuse for the delay in moving to restore this case to the calendar. Further, the medical reports presented to the court substantiate prima facie merit to this injury action. Sufficient merit having been shown, along with adequate excuse for the delay and no showing of prejudice to defendants thereby, it was proper to restore this action to the calendar. However, the Supreme Court rules in New York County (22 NYCRR 660.4 [d] [5]) call for the filing of a new statement of readiness in support of a motion to restore an action previously struck from the calendar. That filing can and should be done (*Dolson v Avis-Rent-A-Car System,* 57 AD2d 758). Concur — Carro, J. P., Silverman, Bloom, Fein and Kassal, JJ.