■ ELIZABETH ROMANOFF, Respondent, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Appellant. — Order, Supreme Court, New York County (M. B. Klein, J.), entered March 28, 1983 granting plaintiff's motion to vacate the automatic dismissal of the action and restoring the action to the calendar, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and plaintiff's motion to vacate the dismissal of the action is denied and the action is stricken from the calendar. On June 1, 1981 this medical malpractice action was stricken from the Trial Calendar by Special Term for lack of compliance with discovery requests. Plaintiff was ordered to comply with the notices and demands for discovery within 30 days after service of a copy of the order with notice of entry thereof and was further directed to submit to a physical examination by defendant's physician "[w]hen all medical records are received." Thereafter there was no communication between plaintiff and defendant with respect to this action until September 21, 1982 on which date plaintiff attempted to serve medical and hospital authorizations in compliance with the outstanding discovery requests. The action was automatically dismissed on June 1, 1982 under CPLR 3404, which provides that a case stricken from the calendar and not restored within one year thereafter "shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." In view of the complete inaction on the part of the plaintiff for more than 15 months following the striking of the case from the calendar, there is nothing to refute the "deemed abandoned" provision of the statute. Moreover, plaintiff has offered neither an adequate excuse for the default nor an adequate affidavit of merits. As to the reason for the delay in complying with the requests for hospital and medical authorizations and restoring the action to the calendar, plaintiff makes the conclusory assertions that "[t]he full names and addresses of these various institutions and doctors took a complete year to obtain" and that "[t]he authorizations for the foreign physicians [were], at best, difficult to obtain." There is no statement setting forth the efforts made by plaintiff to obtain the names and addresses (see *Incorporated Vil. of Thomaston by Biener,* 84 AD2d 781), nor is it even made clear why it was necessary to obtain the addresses of the institutions and hospitals in order to give defendant the required authorizations. The affidavit of merits is similarly bare and conclusory. A physician

states, on the basis of a review of plaintiff's hospital records and certain physician's reports, that "[t]he injury * * * resulted from the improper, careless and negligent treatment afforded Mrs. Romanoff at the St. Vincent's Hospital." Although the physician does state something as to the cause of plaintiff's "decubitus ulcers" (bed sores), the primary condition complained of is apparently leg injuries. More important, the physician does not state that there was any departure from acceptable medical practice. "[T]he purported affidavit of merit is not such at all. It is made by a physician who states his opinion, based on an examination of the hospital records, that there had been malpractice in the care and treatment of the patient plaintiff. Absence of a proper affidavit of merit is a death blow to plaintiff's case." (*Pell v Button,* 44 AD2d 549.) Concur — Ross, J. P., Asch, Silverman, Bloom and Alexander, JJ.