■ JEANETTE FRIEDBERG, Respondent, v BAY RIDGE ORTHOPEDIC ASSOCIATES, P. C., et al., Appellants.—In a medical malpractice action, the defendants appeal from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated October 21, 1985, as granted the plaintiff's motion to vacate her default and restore the action to the Trial Calendar.

Order reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and motion to vacate the default and restore the action to the Trial Calendar denied.

On May 20, 1983, the plaintiff's action for medical malpractice was marked off the calendar for failure to appear, and one year later it was deemed abandoned and dismissed pursuant to CPLR 3404.

In moving to vacate her default and to restore the action to the Trial Calendar, the plaintiff failed to overcome the presumption of abandonment created by CPLR 3404. Despite her pursuance of the action for over six years, the motion to vacate the default was not made until more than two years after the date the case was marked off the calendar.

Moreover, the plaintiff failed to establish a meritorious claim. The physician's affidavit offered by the plaintiff to establish the merits of her case consisted of three short paragraphs. In the first paragraph, the physician merely stated that he was a duly licensed physician and a Fellow of the American College of Surgeons. In the second paragraph,

he stated that he had received the plaintiff's medical records. The third and concluding paragraph of the affidavit simply states that "[i]t is my opinion within a reasonable degree of medical certainty that Mrs. Jeanette Friedberg has a good and meritorious cause of action." The physician's affidavit did not specify any acts on the part of the defendants which constituted a departure from accepted medical practice and did not even state that the plaintiff was a victim of medical malpractice. Such an affidavit is bare and conclusory, and wholly insufficient to establish the merits of the action *(see, Romanoff v St. Vincent's Hosp. & Med. Center,* 97 AD2d 382). The plaintiff's own affidavit was also insufficient to establish the merits of this medical malpractice claim *(see, Fiore v Galang,* 64 NY2d 999).

The excuse proffered by the plaintiff for the default was also insufficient. The initial failure to appear on May 20, 1983, apparently resulted from a lack of communication between the attorneys representing the plaintiff. This was followed by over two years of inactivity. Although law office failures may now be excused in the court's discretion *(see,* CPLR 2005; *Arndt v Merrick Shopping Center,* 103 AD2d 788), the plaintiff's two-year delay was unreasonable. Therefore, under the circumstances of this case, it was an abuse of discretion to grant the plaintiff's motion to vacate the default and to restore the action to the Trial Calendar. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.