■ ALETHIA FORD, Respondent, v EMPIRE MEDICAL GROUP et

al., Appellants, et al., Defendants.—In an action to recover damages for medical malpractice, the defendants Pattumudi and Empire Medical Group separately appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated September 11, 1985, which denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against them and granted the plaintiff's motion to vacate the dismissal of the action and restore it to the Trial Calendar.

Presiding Justice Mollen has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the order is affirmed, with one bill of costs.

CPLR 3404 merely creates a presumption that an action marked off the Trial Calendar and not restored for a period of one year has been abandoned (Stavrou v Abravos-Vernadakis, P. C., 109 AD2d 676). Courts retain discretion to grant a motion to restore a case to the Trial Calendar after the year has expired (Boyle v Krebs & Schulz Motors, 18 AD2d 1010). In the instant case, the plaintiff has sufficiently rebutted the statutory presumption with evidence of her ongoing attempts to procure a new expert witness to replace the medical expert who withdrew from the case on the eve of trial. The unavailability of a key medical witness has been held to constitute a legally sufficient excuse for not proceeding to trial (see, Strokoski v Bullock, 35 AD2d 908).

Moreover, we find that the plaintiff has demonstrated a meritorious cause of action. We are not concerned here with a three-paragraph affidavit such as the one we rejected in Friedberg v Bay Ridge Orthopedic Assoc. (122 AD2d 194, 194-195), where we stated: "The physician's affidavit offered by the plaintiff to establish the merits of her case consisted of three short paragraphs. In the first paragraph, the physician merely stated that he was a duly licensed physician and a Fellow of the American College of Surgeons. In the second paragraph, he stated that he had received the plaintiff's medical records. The third and concluding paragraph of the affidavit simply states that '[i]t is my opinion within a reasonable degree of medical certainty that Mrs. Jeanette Friedberg has a good and meritorious cause of action.' The physician's affidavit did not specify any acts on the part of the defendants which constituted a departure from accepted medical practice and did not even state that the plaintiff was a victim of medical malpractice. Such an affidavit is bare and conclusory, and wholly insufficient to establish the merits of the action (see, Romanoff v St. Vincent's Hosp. & Med. Center, 97 AD2d 382)".

The *five-page* affidavit of merits in the case at bar cannot be characterized as bare or conclusory. It does not merely recite that it is based on an examination of medical records without revealing what those records contain. It does not reach a conclusion without indicating the medical and factual foundation and the causal connection *(cf. Romanoff v St. Vincent's Hosp. & Med. Center,* 97 AD2d 382). The affidavit of Dr. Mailloux offered by the plaintiff details the decedent's repeated visits to the defendants Empire Mutual Group and Dr. Pattumudi. Their failed drug treatments left the decedent's deteriorating condition so acute that on his fourth visit he complained of "unbearable headaches, continued vomiting and dizziness and weakness which prevented him from walking without aid". Only then was he advised by the Empire Medical Group personnel to seek admission to St. John's Episcopal Hospital.

The affidavit also discusses the decedent's condition, the hospital laboratory findings, diagnoses and treatment, as well as the decedent's rapid deterioration and death on May 15, 1977, one day after his admission.

Dr. Mailloux asserted in his affidavit that the "most logical diagnosis" was "malignant hypertension", which "is nearly uniformly fatal" without "appropriate aggressive therapy". He indicated his opinion as follows: "the therapy provided to Mr. Ford was undertaken after unnecessary delay, and when provided was inadequate. The Empire Medial Group and Dr. Pattumudi failed to perform the necessary tests to provide laboratory findings sufficient for proper treatment, and at St. John's Episcopal Hospital Mr. Ford should have been a medical admission to the Intensive Care Unit where proper treatment for his malignant hypertension through aggressive therapy should have been undertaken. The delays in his treatment and the failure to properly diagnose his condition contributed to Mr. Ford's demise."

Accordingly, the affidavit of merits was sufficient as it specified the acts and omissions which constituted the medical malpractice and their causal relation to the death of the plaintiff's decedent. We do not consider the absence of the words "malpractice" or "departure from accepted medical standards" fatal, as the affidavit arguably attests to a departure in that the alleged failure to correctly and timely diagnose and treat the plaintiff's decedent contributed to his death *(see, Amsler v Verrilli,* 119 AD2d 786). Inasmuch as the plaintiff has succeeded in demonstrating a meritorious cause of action, justification for the action's removal from the Trial

Calendar on January 20, 1984, and a justifiable excuse for failing to restore the action to the calendar within one year of its dismissal (22 NYCRR former 675.5 [b]), Special Term properly granted her motion. Mollen, P. J., Brown, Weinstein and Kooper, JJ., concur.