■ Morris Gutes et al., Respondents, v Lourdes Talvy, Appellant, et al., Defendants. (Action No. 1.) Morris Gutes et al. Respondents, v Lourdes Talvy, Appellant, et al., Defendants. (Action No. 2.)—In an action to recover damages for personal injuries sounding in medical malpractice (action No. 1) and an action to set aside a transfer of real property pursuant to Debtor and Creditor Law article 10 (action No. 2), the defendant Lourdes Talvy appeals from (1) an order of the Supreme Court, Nassau County (Harwood, J.), dated October 8, 1986, which vacated a previous order of the same court dated April 28, 1986, which had dismissed the plaintiffs' complaint in action No. 1, insofar as it was asserted against the appellant, and (2) an order of the same court, also dated October 8, 1986, which denied a motion in action No. 2 to dismiss the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The defendant Lourdes Talvy originally moved, pursuant to CPLR 3126 (3), *inter alia,* to strike plaintiffs' complaint in action No. 1 insofar as it is asserted against her for failure to

comply with certain discovery orders and notices. On April 28, 1986, this relief was granted without opposition. Thereafter, the plaintiffs moved to vacate that order on the ground that the plaintiffs' attorneys never received a copy of the initial motion papers. By order dated October 8, 1986, the Supreme Court, Nassau County, vacated its order dated April 28, 1986 and reinstated the complaint against the appellant upon the grounds that (1) the activity of the plaintiffs' counsel in acting upon subsequent motions implicitly substantiated their lack of knowledge of the dismissal motion, and (2) the opposition papers submitted by the appellant Talvy omitted an essential portion of proof of service by mailing.

In order to vacate their default pursuant to CPLR 5015 (a), the plaintiffs had to demonstrate a reasonable excuse and a meritorious cause of action *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138). The Supreme Court properly vacated the plaintiffs' default upon its finding, on the facts and the papers then before it, that the plaintiffs' counsel had not been served with the motion papers to dismiss. In addition, the plaintiffs submitted an affidavit of merit from a neurologist which, in a factual manner, did demonstrate the existence of a meritorious cause of action *(see, e.g., Ford v Empire Med. Group,* 123 AD2d 820).

As a result of the reinstatement of the medical malpractice action, the Supreme Court properly denied the motion to dismiss action No. 2 which hinges on the viability of the first action. The allegations in action No. 2 based upon Debtor and Creditor Law article 10 are that, subsequent to the initiation of the malpractice action, the appellant transferred title of real property to her daughter without consideration. She contends that this was done to relieve financial pressure between her and her estranged husband. The plaintiffs, however, assert that the transfer was effected to render the appellant judgment-proof and to defraud them. An affirmance of the reinstatement of the malpractice complaint compels the denial of the motion to dismiss action No. 2. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.