■ PHYLLIS FAGAIN, Appellant, v R.F. CAPELLA et al., Respondents. [641 NYS2d 325] —In an action to recover damages for medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 6, 1995, as denied her cross motion to reinstate a note of issue, and (2) from an order of the same court, dated April 5, 1995, which denied her motion for renewal and reargument.

Ordered that the order dated January 6, 1995, is reversed

insofar as appealed from, on the law, and the plaintiff's cross motion is granted; and it is further,

Ordered that the appeal from so much of the order dated April 5, 1995, as denied that branch of the plaintiff's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated April 5, 1995, as denied that branch of the plaintiff's motion which was for renewal is dismissed as academic; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On May 29, 1987, the defendant Dr. R.F. Capella performed a gastroplasty on the plaintiff at Good Samaritan Hospital in Orange County. After her discharge from the hospital on June 4, 1987, the plaintiff was readmitted on June 8, July 8, and August 8, 1987, apparently with complications from the surgery. All three times, the plaintiff was treated with medication and released. On August 17, 1987, the plaintiff was admitted to Horton Memorial Hospital and underwent surgery the following day, which included, *inter alia,* a wedge resection of the stomach and resection of the distal pancreas.

The plaintiff commenced this medical malpractice action against Dr. Capella and his professional corporation in November of 1989, alleging, *inter alia,* that Dr. Capella was negligent in failing to take immediate steps to alleviate her condition. In December 1993 the note of issue was vacated and the case was removed from the trial calendar. In September 1994 the plaintiff filed a new note of issue without making a motion, and the defendants moved to vacate the newly-filed note of issue. In November 1994 the plaintiff cross-moved to reinstate the note of issue. The Supreme Court denied the motion, as well as the plaintiff's subsequent motion for renewal and reargument, concluding that the medical affidavit and report submitted by the plaintiff in support of the cross motion were insufficient to establish the merits of the plaintiff's action against Dr. Capella. We disagree.

When a note of issue has been vacated, a motion to reinstate the note of issue must be accompanied by, *inter alia,* an affidavit of merit (*see,* 22 NYCRR 202.21 [f]; *Ford v Empire Med. Group,* 123 AD2d 820). In a medical malpractice action, the plaintiff must submit an affidavit by a physician or other expert in support of the motion (*see, Wulster v Rubinstein,* 126 AD2d 545).

Here, the plaintiff submitted an affidavit and report by Dr.

Stanley Edelman, a surgeon. In his report, Dr. Edelman summarized in detail the plaintiff's course of treatment at Good Samaritan Hospital and Horton Memorial Hospital. Although Dr. Edelman did not express any opinion with regard to the surgery performed by Dr. Capella, he did opine that it was a deviation from accepted surgical practice to have failed to conduct a more intensive investigation of the plaintiff's condition when she was readmitted following the gastroplasty. He further stated that a closer examination "might have revealed [the formation of an abscess] which later on appeared to have involved the pancreas".

Dr. Edelman did not specifically attribute this alleged negligence to Dr. Capella. Indeed, the only mention of Dr. Capella in his report is that he performed the surgery on May 29, 1987. The absence of any other reference to Dr. Capella led the Supreme Court to conclude that the report did not offer any criticism of his treatment of the plaintiff and was insufficient to demonstrate the merits of the action against him.

However, the medical records upon which Dr. Edelman's opinion was based indicate otherwise. After being readmitted to Good Samaritan on July 8, 1987, the plaintiff was discharged on July 17, 1987. Although the plaintiff was discharged by Dr. Alfred Hollander, the hospital's discharge summary indicates that Dr. Hollander consulted with Dr. Capella prior to discharging the plaintiff, and that Dr. Capella reportedly felt that it would be best to wait several months before performing additional surgery.

The hospital records, read in conjunction with Dr. Edelman's report, could support a claim that Dr. Capella was involved in the decision to delay additional surgery, which Dr. Edelman opined was a deviation from accepted surgical practice. The affidavit and report by Dr. Edelman therefore were sufficient to establish the merits of the plaintiff's action against Dr. Capella, and the cross motion to reinstate the note of issue should have been granted *(see, Ford v Empire Med. Group, supra)*.

In light of our determination, we need not address the plaintiff's contentions regarding the denial of her motion to renew. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.