■ MARIA MICHITSCH, Respondent, v BRUCE E. KATZ et al., Appellants. [714 NYS2d 135] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated October 7, 1999, which granted the plaintiff's motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is reversed, as a matter of discretion, with costs, the plaintiff's motion is denied, and the action is dismissed.

"A plaintiff who seeks to restore a case to the trial calendar within a year following its being stricken therefrom, must bear the burden of demonstrating the existence of a meritorious case of action, show a sufficient reason for the delay, and establish the absence of prejudice to his or her adversary" (*Barton v Jablon,* 181 AD2d 755).

In the instant case, it is uncontroverted that the case was marked off the calendar as a result of the unexplained failure of the plaintiff's counsel to proceed to trial. The plaintiff failed to proffer any excuse for waiting 11 months and three weeks to move to restore the action to the calendar. Moreover, the plaintiff's expert failed to establish a sufficient evidentiary foundation for his conclusions that the defendant Bruce E. Katz committed malpractice or that Katz's alleged acts were causally related to the plaintiff's injuries (*see, Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194; *Ford v Empire Med. Group,* 123 AD2d 820, 821). Finally, the plaintiff failed to allege, much less establish, that the defendants would not be prejudiced if the action were restored to the trial calendar.

Accordingly, it was an improvident exercise of discretion for the Supreme Court to grant the plaintiff's motion. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.