■ IRVING ROGOFF, Respondent, v. ABRAHAM SCHEINBERG et al., Appellants. AMERICAN JEWISH LITERARY FOUNDATION, INC., Third-Party Plaintiff, v. JEWISH MINISTERS CANTORS ASSOCIATION OF AMERICA, Third-Party Defendant. — Order, entered February 27, 1964, denying defendants' cross motion to dismiss plaintiff's action for an accounting, for failure to prosecute, pursuant to CPLR 3216, unanimously affirmed, without costs to any party. The record contains enough to establish that for a substantial period and immediately prior to the making of the cross motion, the action was being actively prosecuted. Under the circumstances there was no prima facie showing of current delay to warrant dismissal, and for that reason too it was not incumbent upon plaintiff to supply an affidavit of merits (*Sortino* v. *Fisher*, 20 A D 2d 25, 32). Costs are not awarded because plaintiff-respondent improperly included matter in his brief not contained in the record. Settle order on notice fixing date for examination to proceed. Motion for an order directing the withdrawal of respondent's brief dismissed having become academic by virtue of the decision rendered herewith. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ TRI-STATE PIPE LINES CORPORATION, Appellant, v. SINCLAIR REFINING COMPANY, Respondent.— Orders, entered July 21, 1964 and September 14, 1964, on plaintiff's motion for a protective order pursuant to CPLR 3103, directing that the examination of plaintiff follow completion of the examination of defendant Sinclair by plaintiff; that examinations of the other defendants by plaintiff await determination of their appeal and be followed by the examination of plaintiff by the other defendants; which orders implicitly denied so much of plaintiff's motion as sought priority of examination of the other defendants by plaintiff over examination of plaintiff by Sinclair; and denied so much of plaintiff's motion as sought an order forbidding multiple examinations of plaintiff by defendants; are unanimously modified on the law, on the facts, and in the exercise of discretion, by deleting the direction in the order entered September 14, 1964 that the examinations of plaintiff by the other defendants shall follow their examination by plaintiff, and as so modified are affirmed, with $30 costs and disbursements to defendant-respondent Sinclair. Having stipulated with the other defendants not to examine them until disposition of their appeals, plaintiff may not now assert its claimed right to examine the other defendants prior to its examination by Sinclair, since Sinclair was not a party to the stipulation and should not be prejudiced by it. The issues between plaintiff and defendant Sinclair are not the same as those between plaintiff and the other defendants, Sinclair being the only defendant against whom the first cause of action is asserted, and not being charged by the third cause of action. Nor does Sinclair allege lack of personal jurisdiction, as do the other defendants. Under these circumstances Sinclair should be allowed to prepare its defense without being compelled to await determination of proceedings to which it is not a party. In the absence of notices that the other defendants will examine plaintiff there was no need to grant plaintiff priority over such examinations. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.