■ FRANCIS SGAMBELLURI, Respondent, v. TOWN OF COLONIE et al., Appellants.— Per Curiam. Appeal from an order of the Supreme Court at Special Term, entered in Albany County on March 19, 1969, which opened respondent's default and restored the case to the day calendar after the case had been dismissed for neglect to prosecute pursuant to rule 2.17 of the Rules for Trial and Special Terms of the Supreme Court, Third Judicial Department. Respondent was injured as the result of an automobile accident which occurred on September 29, 1963. The action was commenced on September 24, 1964 and issue was joined on October 20, 1964. A note of issue was filed on January 10, 1965, and the case was noticed for trial on January 13, 1965. On January 9, 1967 the case was placed on the Deferred Calendar. On January 9, 1968 the Clerk of Albany County Supreme Court dismissed the case for neglect to prosecute pursuant to rule 2.17 of the Rules for Trial and Special Terms of the Supreme Court, Third Judicial Department (22 NYCRR 861.17; CPLR 3404). On December 26, 1968 respondent's counsel obtained an order to show cause returnable at Special Term, Albany County on December 27, 1968 wherein respondent moved to restore the case to the Day Calendar. The affidavit in support of the motion to restore the case to the Day Calendar offers no excuse for failure to seek restoral to the Day Calendar during the one-year period prescribed by rule 2.17. In addition, the supporting affidavit sets forth no evidentiary facts demonstrating that the action has merit and offers no reasonable excuse for delay until December 26, 1968 when the motion was made. The failure of the supporting affidavit to set forth any reasonable excuse for delay, coupled with the omission to provide an affidavit of merit by respondent or one having knowledge of the facts setting forth evidentiary facts demonstrating a viable cause of action, afforded Special Term no basis upon which to exercise its discretion to grant the relief sought. (Frenia v. Patno, 25 A D 2d 591.) Order reversed, on the law and the facts, without costs, and motion denied, without prejudice to its renewal within 20 days upon proper papers. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum Per Curiam.