■ EVELINE WALSH, Respondent, v ROBERT H. HANSON, Doing Business as HANSON'S HOTEL, Appellant. (Action No. 1.) ROBERT WALSH, Respondent, v ROBERT H. HANSON, Doing Business as HANSON'S HOTEL, Appellant. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered January 3, 1977 in Broome County, which granted plaintiffs' motion to vacate the dismissal of their actions. Notes of issue in these negligence actions for personal injuries, loss of services and medical expenses were filed in the Supreme Court in Broome County in April, 1974 and were placed on the Trial Calendar. At plaintiffs' request and not because of any default on their part, they were transferred to the Deferred Calendar in October, 1974. On March 5, 1975, within the one-year period, plaintiffs' attorney, located in Johnstown, Fulton County, which is outside the Sixth Judicial District in which Broome County is located, wrote the court clerk seeking information as to the calendar number of the case as "[he] would like to make arrangements to remove it from the deferred calendar to the ready calendar." A copy of this letter was also sent to the defendant's attorney. When no response to this letter was received from the clerk, plaintiffs' attorney contends that he assumed that the cases had been restored to the Trial Calendar, and took no further action. Apparently, on December 30, 1975, the clerk dismissed both causes of action pursuant to CPLR 3404 and rule 861.16 of the Rules for Trial and Special Terms of the Third Judicial Department (22 NYCRR 861.16) on the ground that the cases had remained on the Deferred Calendar for more than one year. The dismissal of the cases was discovered by plaintiffs' attorney either in late June or July of 1976 when he called the defendant's attorney to inquire about the status of the cases. We note that this is not a situation where a case was removed from the Ready Calendar to the Deferred Calendar because it was not disposed of when reached, but was placed on the Deferred Calendar by the plaintiffs' attorney because he anticipated some difficulty in arranging a trial date since the testimony of an out-of-State doctor was required, the plaintiffs resided out of State and local counsel might be needed. We are also mindful of the fact that plaintiffs' attorney resided and practiced outside the Sixth Judicial District and was not familiar with the local calendar procedure. Under the unique circumstances of these cases, where the defendant has not demonstrated any prejudice as a result of the delay, in view of the confusion caused by the failure of the clerk to reply to the plaintiffs' attorney's letter of March 5, 1975, we

conclude that there is no basis for interfering with Special Term's exercise of its discretion in the control of the local calendar. Order affirmed, without costs. Greenblott, Sweeney and Main, JJ., concur; Koreman, P. J., and Kane, J., dissent and vote to reverse in the following memorandum by Kane, J.

Kane, J. (dissenting). The reason why these actions were placed on the Deferred Calendar is not in issue; the question is whether sufficient grounds were advanced to warrant their restoration to the Trial Calendar following an automatic dismissal pursuant to CPLR 3404 and 22 NYCRR 861.16. In the past we have rigorously insisted that parties in this position demonstrate a satisfactory excuse for their failure to seek restoration within the time limited by statute and our departmental rule and show that they possess meritorious claims. Focusing solely on the excuse aspect, the majority notes that plaintiffs' attorney maintained offices in one judicial district while the cases were pending in another, and points to his unanswered letter to a court clerk asking for information. We fail to see the relevance of the former happenstance for the statute is of State-wide application and Fulton and Broome Counties are both within the Third Judicial Department. So too, we find nothing remarkable about a simple request for a calendar number contained in a letter to which no response is received. A prudent attorney would repeat the request or apply for restoration without specifying that number. In the context of this case, the distinction between a "unique" circumstance and an unacceptable "law office failure" escapes us. Moreover, despite the conclusory statements of their attorney, no affidavit setting forth evidentiary facts in support of their causes of action was submitted by plaintiffs or one having knowledge of the pertinent events. We had always thought it well settled that when either condition went unfulfilled Special Term lacked a proper basis for exercising its discretion in these matters (see *Hickey v Schumacher,* 54 AD2d 790; *Adriance v County of Rensselaer,* 52 AD2d 1002; *Quick-Way Excavators v Overmyer Co.,* 44 AD2d 740; *Sgambelluri v Town of Colonie,* 34 AD2d 586). No contrary authority is cited by the majority, yet now, apparently, the statute and our regulation may be blinked upon the flimsiest of excuses without worthwhile evidentiary support. It is difficult to deny a plaintiff his day in court for what one suspects may be the fault of his attorney; nevertheless, the appropriate remedy should not entail the abandonment of consistent judicial pronouncements. The approach taken herein can only serve to delay truly effective solutions and confuse subsequent litigants. The order should be reversed and the motion denied.