■ In the Matter of BURTON SACHS, Appellant, v BOARD OF EDUCATION OF THE MINEOLA UNION FREE SCHOOL DISTRICT et al., Respondents.—In a

proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner as a tenured teacher, following his dismissal upon a recommendation not to grant him tenure, the petitioner appeals from a judgment of the Supreme Court, Nassau County, dated September 20, 1978, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Absent a constitutionally impermissible purpose, or the violation of a statutory proscription, a probationary employee "may be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525). Here, the petitioner alleges that he was denied tenure for the impermissible purpose of retaliating against him for his prior participation in an illegal strike. However, he has entirely failed to come forth with any evidentiary showing which would lend credence to his claim or which would require an evidentiary hearing. The petitioner's efforts to controvert the six reasons which were given for the recommendation to deny him tenure are insufficient to raise triable issues. Although some of the reasons are subject to dispute, they are nevertheless not without support and at least one of the reasons (poor attendance record) is of obvious merit. It is plain that the six reasons were not mere subterfuge to achieve an impermissible end. Similarly, the respondents' prior insistence that the petitioner be punished to the full extent of the law for his illegal strike activities does not imply a subsequent motivation to impermissibly exceed the available legal remedies. Indeed, the contrary inference is demonstrated by the respondents having granted tenure to 10 other persons who had participated in the strike and who were punished in the same manner as the petitioner. The record is devoid of any evidentiary showing on the ultimate issue of retaliation. In the absence of any indication that the petitioner's claim is tenable or that there is a material issue which requires a hearing, it was proper to dismiss the petition (cf. James v Board of Educ., 37 NY2d 891). Lazer, J. P., Rabin and Margett, JJ., concur.

Shapiro, J., dissents and votes to reverse the judgment and remit the proceeding to Special Term for a trial, with the following memorandum: The main basis for appellant's claim in seeking reinstatement as a teacher is that respondents' denial of tenure was in retaliation for his participation in a teachers' strike. While it is clear that the respondent board would have the unfettered right to terminate appellant's probationary employment, that right could not be utilized "for a constitutionally impermissible purpose or in violation of statutory proscription" (see James v Board of Educ., 37 NY2d 891, 892). Here, giving the petition the liberal interpretation to which it is entitled, it is fairly susceptible of the conclusion that appellant was terminated solely for his strike activities and the animus engendered against him by reason thereof on the part of the respondent Wayne, the Superintendent of Schools. In October, 1976 appellant, then a tenured teacher, participated in a strike against the Mineola Union Free School District. As a consequence he was placed on probation for a period of one year in accordance with the provisions of section 210 (subd 2, par [f]) of the Civil Service Law. The probationary period was to run from October 12, 1976 to October 12, 1977. Prolonged and extensive discussions were held between counsel for the respective parties about the possibility of withdrawing the contempt proceeding against all the teachers involved, including the appellant. Counsel for the respondent board of education, after consulting with respondent Wayne, refused to withdraw appellant from the contempt proceeding, stating that Wayne described appellant's strike activities as "shocking" and "outrageous" and that appellant should be subjected to the "full" penalties of the Taylor Law. During these same discussions it was reported to counsel

for the Mineola Teachers Association (and the individually named teachers, including Sachs) that the Mineola community had "focused on" the activities of appellant during the strike and that appellant had become a "focal point" for the anger of the Mineola community against the striking teachers. In statements also attributed to respondent Wayne *by his counsel* it was reported to the teachers association counsel that Wayne was going to make sure that appellant was punished. By letter dated March 31, 1977 respondent Wayne notified appellant that he would not be recommended for tenure, although it is not disputed that *all* of the supervisors who observed and evaluated appellant during the probationary year recommended that he be granted tenure. On this record, it is a fair question of fact whether the dismissal of appellant as a "Taylor Law probationer" constituted an unlawful act because the reasons given for his dismissal were a "device by which to enlarge the punishment mandated, but also limited, by section 210 (subd 2, par [f])" of the Civil Service Law (see *Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal,* 40 NY2d 487, 491). Under the circumstances there should be a trial to determine whether appellant's dismissal was foreordained by reason of his strike activities and the respondent Wayne's bias against him by reason thereof, and whether the reasons given by Wayne for the dismissal are in fact a subterfuge to conceal the impermissible motives behind his dismissal.