■ THELMA SANDERS & ASSOCIATES, INC., Respondent, v HAGUE DEVELOPMENT CORP. et al., Appellants. THELMA SANDERS & ASSOCIATES, INC., et al., Respondents, v ERROL BLANK et al., Appellants. — In two actions, the first to recover on a promissory note and the second to recover damages for legal malpractice, the appeals are from two orders of the Supreme Court, Westchester County (Marbach, J.), both dated September 2, 1983, each of which (1) granted a motion for reargument; (2) upon reargument vacated a prior decision and order of June 6, 1983; and (3) granted a motion to vacate a default judgment entered on defendants' counterclaim in each of the actions. ¶ Orders affirmed, without costs or disbursements. ¶ In its original decisions and orders dated June 6, 1983 denying plaintiffs' motions to vacate default judgments obtained by reason of their failure to reply to counterclaims, Special Term correctly held that (1) the defaults in each action were "admittedly the result of law office failure" and (2) pursuant to *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900), it lacked any discretion to

relieve the defaults. ¶ Thereafter, by orders to show cause, each dated June 21, 1983, plaintiffs in both actions moved for reargument of their prior motions, arguing, *inter alia,* that under the circumstances (i.e., the counterclaims sought unliquidated damages), the default judgments could not be entered against them without inquests by the court to properly assess damages (see CPLR 3215, subd [a]). ¶ In opposition to plaintiffs' motions to reargue, defendants noted that subsequent to the decisions and orders of Special Term dated June 6, 1983, the Legislature enacted CPLR 2005 (L 1983, ch 318) by which discretion was restored to the courts to excuse law office failure, but argued that the exercise of such discretion was not warranted on the facts of the instant case. In addition, defendants argued that in any event plaintiffs had not, in their moving papers, demonstrated meritorious defenses to the counterclaims. ¶ In granting plaintiffs' motions for reargument and vacating their defaults in replying to the counterclaims, Special Term, in its decisions and orders dated September 2, 1983 relied on CPLR 2005 (L 1983, ch 318). Special Term held in each case, that there was "no indication that plaintiff abandoned * * * [the] lawsuit" and accordingly it exercised "its discretion in favor of having the matter decided on its merits". ¶ We affirm. ¶ In enacting CPLR 2005, the Legislature reinstated the pre-*Barasch* rule that the "determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (*De Vito v Marine Midland Bank,* 100 AD2d 530, 531). Of course, in attempting to open a default based on a failure to serve a required pleading, the party seeking to open the default must always show that his claim or defense has legal merit (*Barasch v Micucci, supra,* p 599). ¶ CPLR 2005 took effect on June 21, 1983 and applies to "every action * *.* heretofore commenced and which * * * still is pending before a court" (L 1983, ch 318, § 3). The instant actions were still pending before Special Term when it entertained the plaintiffs' timely motions for reargument and, therefore, Special Term did not err in applying CPLR 2005. ¶ Finally, with respect to the merits of the plaintiffs' motions, a review of the record leads us to the conclusion that the plaintiffs' failure to timely answer the counterclaims was inadvertent and that plaintiffs have meritorious defenses to the counterclaims. ¶ Accordingly, the orders appealed from should be affirmed. Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.