■ MICHAEL VERNON, Respondent, v NASSAU COUNTY MEDICAL CENTER et al., Appellants. — In an action, *inter alia,* to recover damages for medical malpractice, defendants appeal from an order of the Supreme Court, Nassau County (Pantano, J.), dated July 6, 1983, which (1) granted plaintiff's motion to reargue defendants' motion to dismiss the complaint for failure to prosecute which was granted in a prior order of the same court, dated May 20, 1983, and (2) upon reargument, vacated that order of May 20, 1983, and denied defendants' motion to dismiss the complaint for failure to prosecute. ¶ Order dated July 6, 1983, modified, on the law, by deleting the provision which vacated the order dated May 20, 1983 and denied defendants' motion to dismiss and substituting therefor a provision adhering to the original determination. As so modified, order affirmed, without costs or disbursements. ¶ In its decision and order dated July 6, 1983, which, *inter alia,* upon reargument, denied defendants' motion to dismiss the complaint for failure to prosecute, Special Term was of the view, and correctly so, that plaintiff's failure to timely respond to a demand to serve and file a note of issue pursuant to CPLR 3216 was the result of law office failure and noted, again correctly, that CPLR 2005 (L 1983, ch 318), which had been enacted on June 21, 1983 (i.e., subsequent to the order of May 20, 1983 granting defendants' motion to dismiss the complaint for failure to prosecute) restored discretion to the courts to excuse law office failure. In enacting CPLR 2005, the Legislature reinstated the pre-*Barasch* rule that the "determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (*De Vito v Marine Midland Bank,* 100 AD2d 530, 531). CPLR 2005 took effect on June 21, 1983 and applies to "every action * * * heretofore commenced and which * * * still is pending before a court" (L 1983, ch 318, § 3). The instant action was still pending before Special Term when it entertained the plaintiff's timely motion for reargument and, therefore, Special Term did not err in applying CPLR 2005 (*Sanders & Assoc. v Hague Dev. Corp.,* 100 AD2d 964). ¶ However, in order to justify vacatur of a default based upon a failure to prosecute, plaintiff must demonstrate a meritorious cause of action by an affidavit of merit from one with personal knowledge of the facts (*Sortino v Fisher,* 20 AD2d 25, 31-32; *Zaldua v Metropolitan Surburban Bus Auth.,* 97 AD2d 842; *Steiner v East Ramapo Cent. School Dist.,* 88 AD2d 594). In this regard it was incumbent upon the plaintiff herein, who is alleging a cause of action based on medical malpractice, to submit an affidavit containing evidentiary facts by a person competent to attest to the meritorious nature of his claim, i.e., a physician (*Sortino v Fisher, supra; Hatcher v City of New York,* 99 AD2d 481; *Berman v Brunswick Hosp. Center,* 94 AD2d 736; *Ferrigno v St. Charles Hosp.,* 86 AD2d 594; *Sussman v Franklin Gen. Hosp.,* 77 AD2d 567). In the absence of such an affidavit, Special Term erred in denying defendants' motion to dismiss the complaint for failure to prosecute. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.