■ Susan L. Essner, Respondent, v William Keavy, Appellant. — In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Rockland County (Walsh, J.), entered July 19, 1983, which (1) granted plaintiff's motion to reargue defendant's motion to dismiss the plaintiff's action for failure to timely serve a complaint, which was granted in a prior order of the same court, entered March 25, 1983, and (2) upon reargument, vacated that order and denied defendant's motion to dismiss the action.

Order entered July 19, 1983, modified, on the law, by deleting the provision which vacated the order entered March 25, 1983, and denied defendant's motion to dismiss and substituting therefor a provision adhering to the original determination. As so modified, order affirmed, without costs or disbursements.

In its order entered July 19, 1983, Special Term properly held that the plaintiff's failure to timely serve a complaint was the result of law office failure. However, in order to justify vacating the default, plaintiff must demonstrate a meritorious cause of action by submitting an affidavit containing evidentiary facts

by a person competent to attest to the meritorious nature of her claim (*Vernon v Nassau County Med. Center,* 102 AD2d 852; *Hatcher v City of New York,* 99 AD2d 481). In light of the plaintiff's failure to submit such an affidavit, Special Term erred in denying defendant's motion to dismiss the action for failure to timely serve a complaint. Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.