■ CAROLE WULSTER et al., Respondents, v ALAN RUBINSTEIN et al., Appellants, et al., Defendants.—In a medical malpractice action, the defendant physicians appeal from an order of the Supreme Court, Westchester County (Gagliardi, J.), entered July 8, 1985, which granted the plaintiffs' motion to restore the action to the Trial Calendar and denied their cross motion to dismiss the action for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the appellants' cross motion is granted, and the action is dismissed insofar as it is asserted against the appellants.

A motion to restore a case to the Trial Calendar must be supported by a proper certificate of readiness and by an affidavit showing that the action is meritorious, the reasons for the acts or omissions which resulted in its removal from the calendar and good cause for its reinstatement *(see,* 22 NYCRR former 675.5 [b], now codified in Uniform Rules NY St Trial Cts [22 NYCRR] § 202.21 [f]). While the instant

motion to restore the case to the Trial Calendar was timely brought within one year of the date the case was marked off the calendar (see, CPLR 3404), we conclude that the motion should have been denied because the plaintiffs failed to meet all of the requirements of 22 NYCRR former 675.5 (b).

In order to justify restoring the case to the calendar, the plaintiffs were required to demonstrate that their action was meritorious by submitting an affidavit containing evidentiary facts by a person competent to attest thereto (see, *Essner v Keavy*, 104 AD2d 632; *Vernon v Nassau County Med. Center*, 102 AD2d 852; *Hatcher v City of New York*, 99 AD2d 481). In this regard, it was incumbent upon the plaintiffs, whose cause of action sounded in medical malpractice, to submit an affidavit by a physician or other qualified expert. Instead, the plaintiffs sought to establish the merit of their claim merely by submitting the deposition testimony of the parties, a copy of the verified complaint, copies of X rays taken by the defendant hospital, and a copy of a discharge report prepared by another hospital which set forth the plaintiff Carol Wulster's medical history. These documents were insufficient, as they failed to contain a statement of opinion by a medical expert to the effect that the treatment rendered had been below acceptable standards and caused Mrs. Wulster's injuries (see, *Canter v Mulnick*, 60 NY2d 689). In light of the plaintiffs' failure to have submitted such an affidavit, it was error to grant the plaintiffs' motion to restore and to deny the appellants' cross motion to dismiss. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.