(September 28, 1987)

■ MARY BALDUCCI, Individually and as Administratrix of the Estate of SALVATORE BALDUCCI, Deceased, Respondent, v N. MITCHELL JASON et al., Appellants, et al., Defendant. (And Another Title.)—In a medical malpractice action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Suffolk County (Orgera, J.), dated March 19, 1986, which, *inter alia,* granted the plaintiff Mary Balducci (hereinafter the plaintiff) leave to renotice the case for trial. The appeal brings up for review so much of an order of the same court, entered May 11, 1987, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated March 19, 1986 is dismissed, as that order was superseded by the order granting reargument; and it is further,

Ordered that the order entered May 11, 1987 is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

This medical malpractice action was marked off the Trial Calendar, at the plaintiff's request, to permit the substitution of herself as administratrix of the deceased plaintiff's estate,

and to afford her the opportunity to amend the complaint to plead a cause of action for wrongful death. Thereafter, a timely motion for substitution was granted. The plaintiff was also granted permission to withdraw that branch of her motion to amend the complaint to assert a cause of action for wrongful death, without prejudice to renew. Subsequently, the plaintiff timely moved, within one year after the action had been marked off the calendar, to restore the action to the Trial Calendar (see, CPLR 3404).

The applicable uniform rule with respect to motions to reinstate a note of issue (see, 22 NYCRR 202.21 [f]) requires that such a motion be supported by a proper certificate of readiness and by an affidavit showing that the action is meritorious, the reasons for the acts or omissions which resulted in its removal from the calendar, and good cause for its reinstatement. Since a case, as a general rule, is marked off the calendar or a note of issue stricken because of an act or omission in the nature of a default (see, e.g., Marabella v Lundy, 60 NY2d 581; Wulster v Rubinstein, 126 AD2d 545, lv dismissed 70 NY2d 694; Pirnak v Savino, 96 AD2d 857; Monacelli v Board of Educ., 92 AD2d 930; Rothenberg v Parkway Exterminating Co., 90 AD2d 497), the standard for restoring the action to the calendar is essentially the same as the standard for setting aside a default judgment (see, Horn v Schenck Transp. Co., 65 AD2d 589, 590). Consequently, where the cause of action sounds in medical malpractice, courts have held that in order to satisfy the requirements of 22 NYCRR 202.21 (f), it is incumbent upon the plaintiff to submit an affidavit by a physician or other qualified expert to demonstrate a meritorious claim (see, Wulster v Rubinstein, supra; see also, Friedberg v Bay Ridge Orthopedic Assocs., 122 AD2d 194; Williams v Giattini, 49 AD2d 337, 339). However, in the instant case, it is noteworthy that the action was not marked off the calendar due to any default on the plaintiff's part, nor was the motion to restore untimely (cf., Monahan v Fiore, 71 AD2d 914; Friedberg v Bay Ridge Orthopedic Assocs., supra). It was not the intention of the framers of this rule to rigidly mandate the submission of an affidavit of merit irrespective of the absence of any default on the part of the movant seeking restoration of the action to the Trial Calendar.

Under the circumstances of this case, it was not an improvident exercise of discretion to grant the plaintiff's motion to restore the action to the Trial Calendar, albeit no affidavit of merit by a medical expert had been proffered in support of the original application (see, Walsh v Hanson, 58 AD2d 958,

*appeal dismissed* 42 NY2d 1102; *cf., Salzman & Salzman v Gardiner,* 100 AD2d 846). Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.