◼ In the Matter of SYBLE KHARRUBI, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the City of New York, dated January 25, 1980, which, after a hearing, terminated the petitioner's employment as a probationary teacher, the appeal is from a judgment of Supreme Court, Kings County (Bernstein, J.), dated December 5, 1986, which denied her motion to vacate an automatic dismissal pursuant to CPLR 3404 and to restore the matter to the calendar.

Ordered that the judgment is affirmed, with costs.

The petitioner's motion to restore this proceeding to the calendar, made after the case lay dormant for almost five years, was properly denied due to her failure to submit the proof necessary to vacate an automatic dismissal under CPLR 3404. In order to prevail, the petitioner had to submit proof that she did not abandon the matter, that her case had merit and that the delay was excusable and did not prejudice the respondent (see, Sheehan v Hollywood, 112 AD2d 211).

The petitioner, a probationary teacher on regular appointment, brought this CPLR article 78 proceeding in 1980 following her dismissal by the respondent, claiming that the decision was based on her principal's improper motives and that she was denied certain procedural rights at the hearing afforded her pursuant to a collective bargaining agreement. The proceeding appeared on the calendar in September 1980, for the argument of a motion to amend the petition to include claims under 42 USC § 1983. There is no indication in the record that the motion was decided nor of any subsequent litigation activity until the instant motion to restore the case

to the calendar was brought in 1985. Although part of the delay could be explained by the failure of the petitioner's attorney to act and his eventual disbarment in 1983, no valid reason was offered for the approximately 1½ year delay after the petitioner's present attorney obtained possession of her case file in the fall of 1983. On these facts, the petitioner has failed to rebut the presumption that she abandoned the case and to provide a reasonable excuse for the delay.

On a motion to vacate a dismissal pursuant to CPLR 3404, an affidavit of merit must be submitted by a party with personal knowledge of the facts. An attorney's affirmation is hearsay and insufficient (see, *Fluman v TSS Dept. Stores,* 100 AD2d 838). Here the petitioner's affidavit incorporated the statements in her attorney's affirmation, and both documents merely stated in conclusory terms that the petitioner has a meritorious claim. Even if this court were to look to the allegations in the petition, they lack sufficient detail to show that the petitioner's claims have merit. The petitioner's bare allegation of racial discrimination is insufficient to show that her dismissal was due to improper motives in light of the evidence submitted by the respondent that she was dismissed due to an unsatisfactory evaluation of her performance. Absent an impermissible purpose, a probationary employee can be dismissed for almost any reason or no reason at all (see, *Matter of Sachs v Board of Educ.,* 71 AD2d 898, *affd* 50 NY2d 830).

Similarly, the allegations in the petition of improper hearing procedures are insufficient to establish that this claim has merit. The petitioner's contention that she has a cause of action pursuant to 42 USC § 1983 is not brought up for review on this appeal since there is no amended petition in the record asserting this claim. Finally, the petitioner failed to present any facts to rebut the respondent's claim of prejudice due to the difficulty of locating files and witnesses after the approximately five-year delay. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.