■ DUKE BUTLER, Respondent, v ST. JOHN's EPISCOPAL HOSPITAL et al., Appellants.—In an action to recover damages for medical malpractice, the defendants separately appeal from an order of the Supreme Court, Kings County (Levine, J.), dated January 4, 1990, which granted the plaintiff's motion for substitution as administrator for the decedent Johnnie Sanders, and to restore the action to the Trial Calendar.

Ordered that the order is affirmed, with one bill of costs, payable by the appellants appearing separately and filing separate briefs.

This medical malpractice action was marked off the Trial Calendar, upon the attorney for the decedent Johnnie Sanders advising the court of Sanders's death. Upon the eventual appointment of the plaintiff as administrator of Sanders's estate, the plaintiff moved, within one year after the action had been marked off the calendar, to permit the substitution of himself as the plaintiff and to restore the action to the Trial Calendar *(see,* CPLR 3404).

Generally, where the cause of action sounds in medical malpractice, courts have held that in order to satisfy the requirements of 22 NYCRR 202.21 (f), it is incumbent upon the plaintiff to submit an affidavit by a physician or other qualified expert to demonstrate a meritorious claim *(see, Wulster v Rubinstein,* 126 AD2d 545; *Balducci v Jason,* 133 AD2d 436). However, in the instant case, it is noteworthy that the action was not marked off the calendar due to any default on the plaintiff's part, nor was the motion to restore untimely *(see, Balducci v Jason, supra,* at 437; *cf., Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194). "It was not the intention of the framers of this rule to rigidly mandate the submission of an affidavit of merit irrespective of the absence of any default on the part of the movant seeking restoration of the action to the Trial Calendar" *(Balducci v Jason, supra,* at 437).

Under the circumstances of this case, it was not an improvident exercise of discretion to grant the plaintiff's motion to restore the action to the Trial Calendar, albeit no affidavit of merit by a medical expert had been proffered in support of the application *(see, Walsh v Hanson,* 58 AD2d 958; *Balducci v Jason, supra,* at 437-438; *cf., Salzman & Salzman v Gardiner,* 100 AD2d 846). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.