■ JOHN D. KRAMME et al., Appellants, v ADOLPH BRETTLER, Respondent.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated December 22, 1989, which denied their motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

A motion to restore an action to the trial calendar must be supported by a proper certificate of readiness and by affidavits showing an excuse for the delay in prosecution and demonstrating the merits of the action *(see,* 22 NYCRR 202.21 [f]; *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Balducci v Jason,* 133 AD2d 436; *Baumgartner v Foodarama Supermarkets,* 86 AD2d 590).

It was incumbent upon the plaintiffs to demonstrate that their action was meritorious through submission of an evidentiary affidavit of a person competent to attest thereto *(see, Wulster v Rubinstein,* 126 AD2d 545). The two affidavits submitted by the plaintiffs' doctors stated that the failure to perform a voiding cystourethrogram was the omission constituting the negligence claimed. This would have been sufficient but for the defendant's submission of the hospital records showing that this procedure was performed. As entries made in a hospital record relevant to diagnosis and treatment qualify for admission as prima facie evidence of the facts contained therein under the statutory business records rule *(see,* CPLR 4518 [c]; 2306; *Wilson v Bodian,* 130 AD2d 221, 229), the affidavits of the plaintiffs' physicians fail to set forth a meritorious cause of action concerning the alleged malpractice of the defendant. As such, we find that the Supreme Court properly declined to restore the case to the trial calendar. Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.