■ GLORIA MAIDA, Appellant, v RITE AID CORPORATION et al., Respondents. [619 NYS2d 812] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Lefkowitz, J.), entered August 18, 1992 in Rockland County, which, *inter alia,* denied plaintiff's motion to restore the case to the trial calendar.

Plaintiff alleges that in November 1982 she purchased an antibiotic manufactured by defendant E. R. Squibb & Sons, Inc. (hereinafter Squibb) at a drug store owned and operated by defendant Rite Aid Corporation. After opening the bottle and noticing a foul odor, plaintiff claims that she telephoned the pharmacist who told her that she could take the medication despite the foul odor. As a result of such ingestion, plaintiff alleges that she experienced nausea, vomiting of blood, upper abdominal pain and epigastric burning.

In June 1984, plaintiff commenced an action alleging that Rite Aid dispensed contaminated medication or that Squibb negligently manufactured the medication. After issue was joined, plaintiff filed a note of issue which was thereafter stricken due to outstanding discovery demands. In 1990, plaintiff filed a second note of issue affirmatively declaring that all discovery was completed. At a conference held on May 3, 1991, Supreme Court ordered the case to proceed to trial on June 11, 1991. On that date, plaintiff appeared with her new attorney who advised the court that he could not and would not proceed even after the court offered a three-week adjournment. Over strenuous objection by defense counsel, the matter was stricken from the trial calendar on the condition that on a motion to restore, the court would not permit any further discovery and would entertain defendants' motions for costs and expenses.

On June 10, 1992, one day before the clerk would have entered an automatic dismissal pursuant to CPLR 3404, plain-

tiff, who had obtained another new attorney, moved to restore the case to the trial calendar and requested additional discovery. Defendants cross-moved for costs. Supreme Court denied plaintiff's motion to restore as untimely and found that the default should not be vacated due to the failure to establish a meritorious cause of action. Plaintiff appeals.

Addressing first whether plaintiff's motion for restoration was timely made pursuant to CPLR 3404, we reject defendants' contentions and their reliance on First Department decisions which hold that the matter must actually be restored to the trial calendar within one year from the date the matter was stricken to avoid the automatic dismissal of CPLR 3404 *(see, Mamet v Mamet,* 132 AD2d 479, *lv denied* 70 NY2d 611; *3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656). Recognizing that court backlog alone could delay actual restoration of the matter to the trial calendar notwithstanding the proper making of such motion after the matter was stricken, we find that if, as here, the motion is made within the one-year period of the matter being stricken from the trial calendar, it shall be deemed timely pursuant to CPLR 3404 *(see, Hatcher v Cassanova,* 180 AD2d 664; *Butler v St. John's Episcopal Hosp.,* 173 AD2d 755; *Balducci v Jason,* 133 AD2d 436; *see also,* Siegel, NY Prac § 376, at 561 [2d ed]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:1, at 73).

Having determined that plaintiff's motion was timely made, we note that pursuant to 22 NYCRR 202.21 (f), such motion must be supported by a proper certificate of readiness and by an affidavit showing that the action is meritorious, the reasons for the acts or omissions which resulted in its removal from the calendar *(id.; see, Balducci v Jason, supra; Wong v New York City Tr. Auth.,* 126 AD2d 545) and good cause for its reinstatement. "Since a case, as a general rule, is marked off the calendar or a note of issue stricken because of an act or omission in the nature of a default * * * the standard for restoring the action to the calendar is essentially the same as the standard for setting aside a default judgment" *(Balducci v Jason, supra,* at 437 [citations omitted]). Our review of the record reveals that plaintiff failed to submit the requisite proof. Not only did plaintiff fail to file a certificate of readiness, contending that further discovery was needed in this 10-year-old claim, she also failed to submit affidavits in admissible form containing evidentiary facts demonstrating a meritorious claim *(see, Wulster v Rubinstein,* 126 AD2d 545, *lv denied* 70 NY2d 723). The attorney's affirmation was insuffi-

cient *(see, Matter of Kharrubi v Board of Educ.,* 133 AD2d 457) and the remaining affidavits, that of plaintiff and her treating physician, are bare and conclusory, devoid of specifics to establish merit *(see generally, Elliot v Nyack Hosp.,* 204 AD2d 958; *Nepomniaschi v Goldstein,* 182 AD2d 743; *Matter of Kharrubi v Board of Educ., supra).* Further, the letter from the consulting toxicologist, Jesse Bidanset, was uncertified. Hence, we find that the Supreme Court properly denied the motion to restore.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.