■ SECONDINA MALVISI, as Executrix of ANTONIO MALVISI, Deceased, Respondent, v ROBERT W. SCHICK et al., Defendants, and ANTOINE HAROVAS, Appellant. [624 NYS2d 29] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 7, 1994, which granted plaintiff's motion to restore this action to the trial calendar, denied defendant Harovas' cross-motion to dismiss this action, with prejudice, pursuant to 22

NYCRR 202.21 (f), and for plaintiff's failure to appear for opening statements, and imposed costs of $500 upon counsel for Harovas, unanimously modified, on the facts and in the exercise of discretion, to delete the imposition of the sanction of $500 and otherwise affirmed, without costs.

There was a basis for the court to find that Harovas' cross-motion was frivolous and made in bad faith since Harovas had neither moved for reargument nor appealed the court's March 15, 1993 oral directive that counsel for defendants sign a stipulation restoring this matter to the calendar. However, we decline to impose the sanction of $500 costs on Harovas' counsel.

In any case, there is no merit to Harovas' argument that the court erred in failing to dismiss pursuant to 22 NYCRR 202.27 since plaintiff's failure to appear on March 15, 1993 did not constitute a default after plaintiff had properly moved for a mistrial and to disband the jury on March 14th. In addition, the court properly granted plaintiff's motion to restore the action to the trial calendar even though plaintiff failed to submit a physician's affidavit of merit since the case had not been marked off the calendar as a result of plaintiff's default (22 NYCRR 202.21 [f]; *Butler v St. John's Episcopal Hosp.*, 173 AD2d 755). Finally, we reject Harovas' argument that the court lacked authority to direct his counsel to sign a stipulation, which by its nature is a voluntary agreement between parties, since the stipulation merely implemented the court's order restoring the case to the calendar. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.