■ Anthony Petito et al., Appellants, v Verrazano Contracting Co., Inc., Defendant, and Ace Contracting, Inc., Respondent. [666 NYS2d 962] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated October 9, 1996, as (1) granted the motion by Ace Contracting, Inc., for renewal of the plaintiffs' motion for leave to enter a judgment against it, upon its default in answering the complaint, which motion was granted by order of the same court dated March 8, 1996, (2) upon renewal, denied the plaintiffs' motion, and (3) compelled the plaintiffs to accept the answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although a motion to renew is generally based upon the discovery of material facts which were unknown to the movant at the time of the original motion (*see, Chiarella v Quitoni*, 178 AD2d 502), it is well settled that "[t]he requirement * * * is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion" (*Karlin v Bridges*, 172 AD2d 644, 645; CPLR 2221).

The evidence presented by the defendant Ace Contracting, Inc. (hereinafter Ace), upon renewal established a reasonable excuse for its default in answering the complaint and a meritorious defense (*see, Putney v Pearlman*, 203 AD2d 333). Accordingly, under the circumstances, the court did not improvidently exercise its discretion in granting Ace's motion

for renewal, and, upon renewal, denying the plaintiffs' motion for leave to enter a default judgment against Ace. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.