■ PETER N. LUPOLI, Respondent, v VENUS LABORATORIES, INC., et al., Appellants. [675 NYS2d 884] —In an action to recover damages for breach of a lease, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated July 3, 1997, as granted that branch of the plaintiff's motion which was for summary judgment against the defendant Venus Laboratories, Inc., on the issue of liability, and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Venus Laboratories, Inc.

Ordered that the appeal by the defendant E. Van Vlahakis is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff met his evidentiary burden of establishing, prima facie, his entitlement to summary judgment as a matter of law by producing sufficient evidence establishing that the subject lease was assigned to and assumed by the defendant Venus Laboratories, Inc. (hereinafter Venus) (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). From May 1988 through at least February 1989, Venus took possession of the

premises and, during that period, paid the rent, utilities, taxes, water and sewer charges, and insurance. These actions by Venus, in addition to its express agreement to assume performance of the obligations in the lease, placed Venus in the same position as the original tenants, making it liable from the time of the assignment until the end of the term for breaches of any covenants in the lease by the tenants (*see, Mann v Munch Brewery,* 225 NY 189, 196). Venus has not met its evidentiary burden of presenting proof in admissible form that there is a material question of fact requiring a trial.

Further, Venus is estopped from asserting the defense of release because the stipulation signed by the plaintiff discontinuing the action against it expressly states "without prejudice", and this was confirmed in open court by the plaintiff's attorney without objection by defense counsel (*see, Kimco of N. Y. v Devon,* 163 AD2d 573, 576).

Venus's remaining contentions are without merit. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.