■ JEANNE A. MOTTS, Respondent, v ARNOLD D. COHEN, Appellant. [695 NYS2d 384] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered August 27, 1998, which granted the plaintiff's motion for leave

to renew the defendant's prior motion for summary judgment dismissing the complaint, which was granted by order of the same court dated July 2, 1998, and, upon renewal, vacated the order dated July 2, 1998, and restored the case to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

The requirement that a motion for renewal be based upon newly-discovered facts is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion (*see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Under the circumstances of this case, the court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to renew. Upon renewal, the court properly vacated its prior order granting the defendant summary judgment, as questions of fact exist as to whether the defendant was negligent and, if so, whether such negligence was the proximate cause of the plaintiff's injuries.

We note that regardless of when treatment began, whether in 1982 as the plaintiff claims or in 1987 as the defendant contends, the 2½-year Statute of Limitations was tolled by the continuous treatment doctrine (*see,* CPLR 214-a; *McDermott v Torre,* 56 NY2d 399). Accordingly, the plaintiff's action was timely commenced. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.