■ PETER N. LUPOLI, Appellant, v VENUS LABORATORIES, INC., et al., Respondents. [695 NYS2d 598] —In an action to recover damages for breach of a lease, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated June 25, 1998, which denied his motion to restore the action to the trial calendar, and (2) an order of the same court, dated October 21, 1998, which denied his motion, in effect, for renewal.

Ordered that the order dated June 25, 1998, is affirmed; and it is further,

Ordered that the order dated October 21, 1998, is reversed, as a matter of discretion in the interest of justice, the plaintiff's motion, in effect, for renewal is granted, and, upon renewal,

the plaintiff's motion to restore the action to the trial calendar is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

By order dated July 3, 1997, the Supreme Court granted the plaintiff's motion for summary judgment against the defendant Venus Laboratories, Inc. (hereinafter Venus) on the issue of liability and dismissed the complaint against the remaining defendant. The court directed a trial on the issue of damages. However, on December 2, 1997, the matter was dismissed based on the plaintiff's failure to answer the calendar call. The plaintiff moved in April 1998 to restore the matter to the trial calendar.

Initially, we note that the plaintiff's motion for restoration was timely made pursuant to CPLR 3404, as the motion was made within one year from the date the matter was marked off the calendar (*see, Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281; *Maida v Rite Aid Corp.*, 210 AD2d 589; *Balducci v Jason,* 133 AD2d 436). Although the court concluded that the plaintiff's motion should have been made pursuant to CPLR 5015 (a), the record does not indicate that a judgment dismissing the action upon the plaintiff's default was ever entered (*see,* CPLR 3215 [a]). In any event, the standard for restoring the matter to the calendar is essentially the same as the standard for setting aside a default judgment. That is, the moving party must demonstrate a reasonable excuse for the default, a meritorious claim or defense, a lack of intent to deliberately default or abandon the action, and a lack of prejudice to the nonmoving party (*see, Balducci v Jason, supra*; *see also, Barton v Jablon,* 181 AD2d 755).

The plaintiff's original motion for restoration was based solely on his attorney's affirmation, in which he stated that neither he nor the calendar service he employed was aware that the matter was on the October 21, 1997, calendar or that the matter would appear on the December 2, 1997, calendar. Venus opposed the motion, essentially on the ground that a trial on the issue of damages would be premature because its appeal of the order dated July 3, 1997, which granted the plaintiff's motion for summary judgment against Venus on the issue of liability, was still pending, and discovery on the issue of damages was not yet complete.

In the order dated June 25, 1998, the Supreme Court denied the plaintiff's motion on the ground that he had not offered a reasonable excuse for the default or demonstrated that his claim had merit. In July 1998, this Court affirmed the order which granted the plaintiff's motion for summary judgment

against Venus on the issue of liability (*see, Lupoli v Venus Labs.*, 252 AD2d 544).

In August 1998, the plaintiff moved to renew his motion to restore the matter to the calendar. In support of the motion the plaintiff presented evidence based, *inter alia*, on conversations by his attorney with the Clerk's Office, the affidavit of an employee of the attorney's calendar service, and copies of relevant portions of the New York Law Journal. Although the matter was apparently scheduled to be placed on a trial assignment part calendar on October 21, 1997, it did not in fact appear on the court's printed calendar· or on the calendar published in the Law Journal. The matter was then "added on" to the court's calendar for December 1, 1997, but it did not appear on the court's printed calendar or in the Law Journal for that date. The matter was apparently adjourned by the court to December 2, 1997, when it appeared on the court's printed calendar but not on the calendar published in the Law Journal.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to restore the action to the trial calendar in the order dated June 25, 1998, as the attorney's unsubstantiated and conclusory affirmation was insufficient to establish a reasonable excuse. However, under the circumstances of this case, we conclude that the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion, in effect, for renewal and, upon renewal, to restore the matter to the trial calendar. Although the facts on which the motion was based were not newly discovered, this requirement is a flexible one, and the court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion (*see, Pepe v Tannenbaum*, 262 AD2d 381; *Petito v Verrazano Contr. Co.*, 246 AD2d 636).

Upon renewal, the plaintiff's attorney submitted sufficient evidence to substantiate his explanation for his failure to appear in court to answer the calendar call. No evidence was offered to refute the plaintiff's claim that the matter did not appear on the relevant published calendars. We note that there is no indication in this record that Venus appeared on any of the relevant calendar dates. Moreover, the plaintiff established that his claim had merit, as his motion for summary judgment against Venus on the issue of liability was granted, and the order granting that motion was affirmed on appeal. Accordingly, the plaintiff's motion to restore the action to the trial calendar should have been granted upon renewal. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.