■ ANTOINETTE ROSATO et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, and OTIS ELEVATOR CO. INC., Appellant. [716 NYS2d 12] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 10, 2000, which denied defendant Otis Elevator's motion pursuant to CPLR 3216 to dismiss the complaint in this personal injury action for want of prosecution and granted plaintiffs' cross motion to vacate the prior dismissal of the action under CPLR 3404 as abandoned and to permit the filing of a note of issue, unanimously affirmed, without costs.

The court properly exercised its discretion in concluding that the circumstances did not warrant dismissal for want of prosecution, even though plaintiffs failed to file a note of issue within 90 days of defendant Otis's demand or to submit an affidavit outlining the meritorious nature of their case. We note that Otis served its 90-day demand only approximately 6 months after the end of a multi-year period of what even Otis does not dispute was active and extensive discovery. Moreover, about two months prior to filing the dismissal motion, Otis's counsel had signed a stipulation, agreeing that all discovery was complete and that the matter was ready to be placed on the trial calendar. Finally, plaintiffs' failure to submit an affidavit of merit is of little moment here, since there was an adequate showing that for a long period of time prior to the submission

of the dismissal motion the action had been actively pursued (*Rogoff v Scheinberg*, 22 AD2d 679). Otis's complaint of prejudice is unsubstantiated.

Turning to plaintiffs' cross motion for restoration under CPLR 3404, no one disputes that the parties were unaware that the case had been stricken from the calendar in May 1996. It does not appear, and Otis does not maintain, that the case had been marked off as the result of any default on the part of plaintiffs (in fact counsel had responded to court inquiries about the status of the case). Further, the IAS Court noted that the mark off apparently was the result of a clerical error.

Under these circumstances, plaintiffs' failure to submit an affidavit of merit is not fatal to restoration (*see, Balducci v Jason*, 133 AD2d 436, 437). Concur—Nardelli, J. P., Tom, Wallach, Andrias and Saxe, JJ.