■ BEAL BANK, SSB, Appellant, v ANGELA RIZZUTI et al., Respondents. [716 NYS2d 339] —In an action pursuant to Debtor and Creditor Law § 274 to set aside a conveyance of real property as fraudulent, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jackson, J.), dated November 29, 1999, which denied its motion to restore the action to the trial calendar, and (2) from an order of the same court, dated March 28, 2000, which denied its motion for leave to renew.

Ordered that the order dated November 29, 1999, is reversed, as a matter of discretion, and the motion to restore the action to the trial calendar is granted; and it is further

Ordered that the appeal from the order dated March 28, 2000 is dismissed as academic; and it is further

Ordered that the appellant is awarded one bill of costs.

On a motion to restore an action to the trial calendar, a plaintiff must demonstrate that the default was excusable and that the action is meritorious (*see, Kramme v Brettler,* 174 AD2d 712). The appellant met that standard and, under the circumstances, the Supreme Court improperly denied the appellant's motion to restore the action to the trial calendar.

In light of this determination, we need not consider whether the Supreme Court properly denied the appellant's motion for leave to renew. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.