■ In the Matter of John Goetschius et al., Respondents, v Board of Education of the Greenburgh Eleven Union Free School District et al., Appellants. [721 NYS2d 272] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review the determinations made at a meeting of the Board of Education of the Greenburgh Eleven Union Free School District on June 18, 1997, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered May 17, 1999, which, *inter alia*, annulled certain determinations that were made in violation of the Open Meetings Law and awarded an attorneys' fee to the petitioners.

■ In the Matter of John Goetschius et al., Respondents, v Board of Education of the Greenburgh Eleven Union Free School District et al., Appellants. (And Other Titles.) [721 NYS2d 271] —In four related proceedings pursuant to CPLR article 78, *inter alia*, to review determinations made at meetings of the Board of Education of the Greenburgh Eleven Union Free School District on December 9, 1996, March 10, 1997, June 18, 1997, and July 24, 1997, respectively, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 27, 2000, as denied their motions for leave to renew their prior motions to dismiss the proceedings.

Ordered that the order is affirmed insofar as appealed from, with costs.

"It is well settled that a motion for leave to renew must be supported by new or additional facts which, although in exis-

tence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court" (*Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *see, Foley v Roche,* 68 AD2d 558, 568; CPLR 2221). Leave to renew should be denied unless the moving party offers a reasonable explanation as to why the additional facts were not submitted on the original application (*see, Cannistra v Gibbons,* 224 AD2d 570, 571; *Lee v Ogden Allied Maintenance Corp.,* 226 AD2d 226, 227; *see also, Mangine v Keller,* 182 AD2d 476, 477). Here, the appellants failed to provide the Supreme Court with a reasonable excuse why the additional facts were not presented at the time of the original applications and were not previously brought to the attention of the court. Therefore, the Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was for leave to renew (*see, Motts v Cohen,* 264 AD2d 764; *Petito v Verrazano Contr. Co.,* 246 AD2d 636).

The appellants' remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.