■ MONICA O'FERRAL et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants. [779 NYS2d 90]—In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Jones, J.), dated February 4, 2002, which, sua sponte, vacated the note of issue, (2) so much of an order of the same court (Knipel, J.) dated January 9, 2003, as denied those branches of their motion which were to strike the defendants' answer, to vacate the order dated February 4, 2002, and to restore the action to the trial calendar, and as granted that branch of the cross motion of the defendant City of New York which was, in effect, to dismiss the first cause of action asserted in the original complaint, and (3) so much of an order of

the same court (Knipel, J.) dated March 27, 2003, as denied those branches of their motion which were denominated as ones which were for leave to resettle, renew, or reargue, but which were, in effect, for leave to reargue that branch of the prior motion which was to vacate the order dated February 4, 2002, and for leave to reargue that branch of the prior cross motion which was to dismiss the first cause of action asserted in the original complaint, and the defendants cross-appeal, as limited by their brief, from so much of the order dated January 9, 2003, as purportedly granted the plaintiffs leave to amend the complaint to name James Coan as a defendant in lieu of "Police Officer 'John Doe,' a fictitious name intended to designate an employee of the New York City Police Department."

Ordered that the appeal from the order dated February 4, 2002, is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not decide a motion made on notice, and leave to appeal has not been granted (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the appeal from so much of the order dated March 27, 2003, as denied those branches of the motion which were, in effect, for leave to reargue stated portions of the prior motion and cross motion is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the cross appeal from so much of the order dated January 9, 2003, as purportedly granted the plaintiffs leave to amend the complaint to name James Coan as a defendant in lieu of "Police Officer 'John Doe', a fictitious name intended to designate an employee of the New York City Police Department," is dismissed, without costs or disbursements, as the order grants no such relief; and it is further,

Ordered that the appeal from so much of the order dated January 9, 2003, as granted that branch of the cross motion which was, in effect, to dismiss the first cause of action asserted in the original complaint is dismissed as academic; and it is further,

Ordered that the order dated January 9, 2003, is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to vacate the order dated February 4, 2002, and to restore the case to its former place on the trial calendar. Contrary to the plaintiffs' contention, there was no requirement that the court transfer the motion to the justice who had signed the prior order (*see* CPLR 2221 [a] [2]). In any event, the motion was

properly denied since the plaintiffs failed to support the motion with a certificate of readiness and an affidavit containing evidentiary facts by a person with firsthand knowledge showing that the action was meritorious and the reasons for its removal from the trial calendar (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [f]; *Kramme v Brettler,* 174 AD2d 712 [1991]; *Wulster v Rubinstein,* 126 AD2d 545 [1987]).

With respect to that branch of the cross motion of the defendant City of New York which was, in effect, to dismiss the first cause of action asserted in the complaint to recover damages for negligent hiring, training, and supervision of a police officer, the issue is academic. The Supreme Court granted the plaintiffs' motion for leave to file an amended complaint that superseded the original complaint, and the amended complaint did not include such a cause of action (*see Chalasani v Neuman,* 64 NY2d 879 [1985]; *Titus v Titus,* 275 AD2d 409 [2000]; *Morris v Goldstein,* 223 AD2d 582 [1996]).

Those branches of the plaintiffs' motion which were denominated as ones to resettle, renew, and reargue that branch of their prior motion which was to vacate the order dated February 4, 2002, and that branch of the City's prior cross motion which was to dismiss the first cause of action, were not based on new facts that were unavailable when the plaintiffs made the motion and opposed the cross motion. The plaintiffs also sought to effect a substantive change in the court's determination. Therefore, the order dated March 27, 2003, insofar as appealed from, actually denied reargument, and is not appealable (*see Steinberg v Koretz,* 147 AD2d 554 [1989]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.